**Exhibit "A"**

CKH/Coleman

MIN: [redacted]

Loan Number: [redacted]

# NOTE

FHA CASE NO.

JANUARY 14, 2008
[Date]

124 TWIN OAK DRIVE, LEVITTOWN, PENNSYLVANIA 19056
[Property Address]

**1. PARTIES**

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means ALLIED MORTGAGE GROUP, INC, A PENNSYLVANIA BANKING CORPORATION

and its successors and assigns.

**2. BORROWER'S PROMISE TO PAY; INTEREST**

In return for a loan received from Lender, Borrower promises to pay the principal sum of TWO HUNDRED THIRTY-TWO THOUSAND NINE HUNDRED FORTY-TWO AND 00/100 Dollars (U.S.$ 232,942.00 ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of SIX AND 500/1000 percent ( 6.500 %) per year until the full amount of principal has been paid.

**3. PROMISE TO PAY SECURED**

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

**4. MANNER OF PAYMENT**

**(A) Time**

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on MARCH 1, 2008 . Any principal and interest remaining on the first day of FEBRUARY 1, 2038 , will be due on that date, which is called the "Maturity Date."

**(B) Place**

Payment shall be made at 7 BALA AVE., STE 108, BALA CYNWYD, PENNSYLVANIA 19004

or at such other place as Lender may designate in writing by notice to Borrower.

**(C) Amount**

Each monthly payment of principal and interest will be in the amount of U.S.$ 1,472.35 . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

**(D) Allonge to this Note for Payment Adjustments**

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. (Check applicable box.)

☐ Growing Equity Allonge ☐ Graduated Payment Allonge

☐ Other [specify]

**5. BORROWER'S RIGHT TO PREPAY**

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

6. BORROWER'S FAILURE TO PAY

(A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR AND 000/1000 percent ( 4.000 %) of the overdue amount of each payment.

(B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

(C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 and 2 of this Note.

| | |
|---|---|
| (Seal) JAMES J ERB -Borrower | (Seal) JERRY F COLEMAN -Borrower |
| (Seal) JOHN COLEMAN -Borrower | (Seal) DORIS COLEMAN -Borrower |
| (Seal) -Borrower | (Seal) -Borrower |

PAY TO THE ORDER OF Countrywide Bank, FSB
WITHOUT RECOURSE
ALLIED MORTGAGE GROUP, INC.

SHANTANU ROY CHOWDHURY, PRESIDENT

PAY TO THE ORDER OF COUNTRYWIDE HOME LOANS SERVICING
WITHOUT RECOURSE
COUNTRYWIDE BANK, FSB

BY

LAURIE MEDER
SENIOR VICE PRESIDENT

PAY TO THE ORDER OF

WITHOUT RECOURSE
BANK OF AMERICA, N.A.

BY *Michele Sjolander*
MICHELE SJOLANDER
SENIOR VICE PRESIDENT

[illegible]

PAY TO THE ORDER OF
BANK OF AMERICA, N.A.
WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS SERVICING LP

BY: *Michele Sjolander*

MICHELE SJOLANDER
EXECUTIVE VICE PRESIDENT

# AMENDED AND RESTATED NOTE

FHA Case No.

**Multistate**

DocID#:

January 14, 2008

124 TWIN OAK DRIVE
LEVITTOWN, PA 19056

**1. PARTIES**

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means BAC Home Loans Servicing, LP and its successors and assigns.

**2. BORROWER'S PROMISE TO PAY; INTEREST**

In return for a loan received from Lender, Borrower promises to pay the principal sum of Two Hundred Seventy Four Thousand Three Hundred Sixty Two Dollars and Eleven Cents (Dollars U.S. $274,362.11) plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of Four Point Eight Seven Five Percent percent (4.875%) per year until the full amount of principal has been paid.

**3. PROMISE TO PAY SECURED**

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

**4. MANNER OF PAYMENT**

**(A) Time**

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on October 01, 2010. Any principal and interest remaining on the first day of September 01, 2040, will be due on that date, which is called the "Maturity Date."

**(B) Place**

Payment shall be made at
155 North Lake Avenue Pasadena, California 91109
or at such place a Lender may designate in writing by notice to Borrower.

**(C) Amount**

Each monthly payment of principal and interest will be in the amount of U.S. $1,451.95. This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

**(D) Allonge to this Note for payment adjustments**

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

Graduated Payment Allonge    Growing Equity Allonge    Other [specify]

**5. BORROWER'S RIGHT TO PREPAY**

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payments unless Lender agrees in writing to those changes.

FHA Multistate Fixed Rate Note - 10/95
Initials

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of Four percent ( 4% ) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this options without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the right of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address. Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, borrower accepts and agrees to the terms and covenants contained in this Note.

JAMES J ERB

JERRY F COLEMAN

JOHN COLEMAN

DORIS COLEMAN

PAY TO THE ORDER OF

WITHOUT RECOURSE
BANK OF AMERICA, N.A. SUCCESSOR BY
MERGER TO BAC HOME LOANS SERVICING, LP
BY RECONTRUST COMPANY, N.A.
AS ATTORNEY-IN-FACT

BY ____________
THOMAS HUYNH
ASSISTANT VICE PRESIDENT



Recording Requested by
BAC Home Loans Servicing, LP
WHEN RECORDED MAIL TO:

BAC Home Loans Servicing, LP
Post Office Box 10266
Van Nuys, CA 91410-0266
Attention: Document Control

DocID#:

Space Above for Recorder's Use

## LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement (the "Agreement"), made on August 16, 2010 between James J Erb, Jerry F Coleman, John Coleman, Doris Coleman (the "Borrower(s)") and BAC Home Loans Servicing, LP ("Lender"), amends and supplements that certain (Mortgage/Deed of Trust) (the "Security Instrument") dated January 14, 2008 which covers the real and personal property described in the Security Instrument and defined therein as the 'Property', located at 124 Twin Oak Drive, Levittown, PA 19056.

The real property described being set forth as follows:

### SAME AS IN SAID SECURITY INSTRUMENT

In consideration of the mutual promises and agreements exchanged, the parties hereto agree to modify the Security Instrument as follows:

The fifth [and sixth] sentence[s] of the first paragraph of the Security Instrument is[are] hereby amended to read in its[their] entirety as follows:

> Borrower owes Lender the principal sum of Two Hundred Seventy Four Thousand, Three Hundred Sixty Two Dollars And Eleven Cents, (U.S. Dollars) ($274,362.11). This debt is evidenced by Borrower's note dated the same date as the Security Instrument, as amended and restated as of the date herewith ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on September 1, 2040.
>
> The Borrower[s] shall comply with all other covenants, agreements and requirements of the Security Instrument. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Security Instrument. Except as otherwise specifically provided in this Agreement, the Security Instrument shall remain unchanged, and the Borrower[s] and BAC Home Loans Servicing, LP shall be bound by, and comply with all of the terms and provisions thereof, as amended by this Agreement, and the Security Instrument shall remain in full force and effect and shall continue to be a first lien on the above-described property. All capitalized terms not defined herein shall have the same meanings as set forth in the Security Instrument.

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.

SIGNED AND ACCEPTED THIS 27th DAY OF August 2010

BY

James J Erb

Jerry F Coleman

John Coleman

Doris Coleman

(ALL SIGNATURES MUST BE ACKNOWLEDGED)

State of PENNSYLVANIA, County of Bucks On this 27th day of August, ______ before me the undersigned, a Notary Public in and for said State, personally appeared

James J. Erb and Jerry F. Coleman

known to me, or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the foregoing instrument and acknowledged that they executed the same.

Witness my hand and official seal.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Nancy J. Klemmer, Notary Public
Middletown Twp., Bucks County
My Commission Expires Oct. 28, 2011
Member, Pennsylvania Association of Notaries

My Commission Expires: ______

Signature Nancy J. Klemmer

Nancy J. Klemmer
Name (typed or printed)

---

As evidenced by their signatures below, the Co-Owner(s) consent to this Modification of the Mortgage.

**CO-OWNER(S)**

______ Dated: ______

Co-Owner(s) Signature

______

Co-Owner(s) Name (typed or printed)

STATE OF ______

COUNTY OF ______

On ______ before me, ______

Notary Public, personally appeared ______

______ personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures(s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature ______